*Attorney for Plaintiff*
**John Prather, Esq.**
**5864 N. 83rd Street**
**Scottsdale, Arizona 85250**
**(P) (480) 296-1507**
**(E) johnlprather@hushmail.com**

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF ARIZONA

| | |
|---|---|
| **TERRY L. JORDAN,** | Case No.: |
| Plaintiff, | CLASS ACTION |
| v. | COMPLAINT |
| | AND |
| **CONVERGENT OUTSOURCING, Inc.** | JURY TRIAL DEMAND |
| Defendant. | |

Plaintiff, Terry L. Jordan, on behalf of himself (hereinafter "Plaintiff"), and all others similarly situated, by and through his undersigned attorney, alleges against the Defendant Convergent Outsourcing, Inc. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA" or "the Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  Such collection practices include, *inter alia,* Defendant's deceptive, misleading, unconscionable and unfair conduct in written collection letters seeking to

collect as part of an alleged debt an amount identified as **"Misc. Costs,"** in violation of 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692f.

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4. To prohibit deceptive practices, Section 807 of the FDCPA outlaws the use of false, deceptive and/or misleading representations in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by Section 807 of the FDCPA are "[f]alse representations as to the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), and "[t]he use of any

false representation or deceptive means to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10).  The FDCPA further prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.  15 U.S.C. § 1692f.

5. The Plaintiff, individually and behalf of all others similarly situated, seeks actual damages, statutory damages, attorneys' fees, costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

7. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, Terry L. Jordan, is a natural person, who at all relevant times has resided in the city of Kingman, Mohave County, State of Arizona and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant is a corporation of the State of Washington and at all relevant times has been doing business in the State of Arizona, with its corporate offices located at 800 SW 39th Street, Renton, Washington 98057, and is a "debt collector" as defined by 15 USC § 1692a(6).

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a Class Action pursuant to Federal Rules of Civil Procedure Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who reside in the State of Arizona and have received within one year from the date of Plaintiff's Complaint similar debt collection notices/letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, 15 U.S.C. § 1692, *et seq.* Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable.

11. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*

12. This Class satisfies all the requirements of F.R.C.P. Rule 23 for maintaining a Class Action.

13. The Class is so numerous that joinder of all members is impracticable. On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate the FDCPA, 15 U.S.C. § 1692, *et seq.*

14. The debt collection notices/letters/communications received by the Class from the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

4

15. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated FDCPA § 1692, *et seq.* ;  (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

18. The members of the Class have claims which are unlikely to be vindicated in the absence of a Class Action.

19. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

20. A Class Action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel with associated class action attorneys are experienced and, further, anticipates no impediments in the pursuit and maintenance of the Class Action as sought herein.

22. Absent a Class Action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

23. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

24. Upon information and belief, at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt in the total amount of $31,352.28, allegedly owed by the Plaintiff, originating with HSBC Card Services (III), Inc. ("HBSC"), which upon information and belief was purchased by Worldwide Asset Purchasing II, LLC, who placed the alleged debt with the Defendant for collection.

25. The alleged debt that Defendant is seeking to collect from Plaintiff is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

26. By letter dated March 21, 2016 (hereinafter the "Collection Letter"), Defendant advised Plaintiff, *inter alia*, that: "This notice is being sent to you by a collection agency. The records of Worldwide Asset Purchasing II, LLC show that your account has a past due balance of $31,352.28." A true and accurate copy of the Collection Letter is annexed hereto and made a part hereof as Exhibit "A".

27. In the Collection Letter, Defendant identifies the alleged debt and breakdown of the total amount due as follows:

>Dated: 03/21/2016
>Creditor: Worldwide Asset Purchasing II, LLC
>Original Account #: xxxxxxxxxxxx5300
>Convergent Account #: S-47438110
>Original Creditor: HSBC Card Services (III), Inc.
>
>Settlement in Full: $3,135.23
>
>    Principal:      $31,128.28
>    ***Misc. Costs:     $224.00***
>    Total Balance   $31,352.28

*See* Exhibit "A" (*emphasis added*).

28. The Collection Letter was an attempt by Defendant to collect on a consumer debt from Plaintiff and it was sent to Plaintiff at his home address in Kingman, Arizona. *See* Exhibit "A".

29. Plaintiff received the Collection Letter from Defendant on or about March 26, 2016 at his home address in Kingman, Arizona. *See* Exhibit "A".

30.     The Collection Letter was seeking to collect as part of the total balance ***"Misc. Costs in the amount of $224.00"***, but failed to provide any description or information whatsoever as to what the "***Misc. Costs***" consisted of; how they were calculated; the legal right and/or contractual basis upon which Plaintiff was obligated to pay; any other information whatsoever for Plaintiff to determine or evaluate whether he was in fact responsible and/or obligated to pay the ***"Misc. Costs in the amount of $224.00"***; and/or any other information whatsoever for Plaintiff to determine or evaluate if the amount of the **"Misc. Costs"** was correct if in fact he was responsible and/or obligated to pay it.  *See* Exhibit "A" (*emphasis added*).

31.     The Collection Letter is misleading, confusing, deceptive and unfair as it misrepresents the nature, character and/or legal status of the alleged debt; uses deceptive, unfair and unconscionable means to attempt to collect the alleged debt; and attempts to collect an alleged debt which Defendant knows is not legitimate and/or asserts the existence of some other legal right the Defendant knows does not exist.

32.     Defendant engaged in misleading, deceptive, unconscionable and unfair debt collection practices in violation of the FDCPA.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(10)

33.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 32 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

34. In an effort to collect a consumer debt, Defendant caused the March 21, 2016 Collection Letter to be sent to Plaintiff at his home address in Kingman, Arizona. *See* Exhibit "A".

35. The Collection Letter was received by Plaintiff on or about March 26, 2016 at his home address in Kingman, Arizona. *See* Exhibit "A".

36. The Collection Letter was seeking to collect an alleged consumer debt on behalf of Worldwide Asset Purchasing II, LLC, which originated with HSBC, in the total amount of $31,352.28. *See* Exhibit "A".

37. In the Collection Letter, Defendant identifies the alleged debt and breakdown of the total amount due as follows:

> Dated: 03/21/2016
> Creditor: Worldwide Asset Purchasing II, LLC
> Original Account #:  xxxxxxxxxxxx5300
> Convergent Account #: S-47438110
> Original Creditor:  HSBC Card Services (III), Inc.
>
> Settlement in Full:  $3,135.23
>
> Principal:     $31,128.28
> *Misc. Costs:     $224.00*
> Total Balance   $31,352.28

*See* Exhibit "A" (*emphasis added*).

38. The Collection Letter was seeking to collect as part of the total balance ***"Misc. Costs in the amount of $224.00"***, but failed to provide any description or information whatsoever as to what the "***Misc. Costs***" consisted of; how they were calculated; the legal right and/or contractual basis upon which Plaintiff was obligated to

9

pay such amount; any other information whatsoever for Plaintiff to determine or evaluate whether he was in fact responsible and/or obligated to pay the ***"Misc. Costs in the amount of $224.00"***; and/or any other information whatsoever for Plaintiff to determine or evaluate if the amount of the ***"Misc. Costs"*** was correct if in fact he was responsible and/or obligated to pay it. *See* Exhibit "A" (*emphasis added*).

39. The Collection Letter is misleading, confusing, deceptive and unfair as it misrepresents the nature, character and/or legal status of the alleged debt and uses deceptive, unfair and unconscionable means to attempt to collect the alleged debt.

40. Defendant's actions violate the FDCPA, 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of (A) the character, amount or legal status of any debt."

41. By virtue of Defendant's Collection Letter, Defendant engaged in deceptive and unfair means to attempt to collect the alleged debt from Plaintiff.

42. Defendant's actions violate the FDCPA, 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

43. Defendant's actions were knowing and willful.

44. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Terry L. Jordan, on behalf of himself and all others similarly situated, respectfully requests that this Court enter judgment against the Defendant for the following:

A.   Certifying the Class as described above pursuant to Fed. R. Civ. P. 23(b)(3);

B.   Declaring the Defendant's actions as described above to be in violation of the FDCPA;

C.   An award of actual damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(1);

D.   An award of statutory damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E.   An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

F.   Such other and further relief as the Court may deem just and equitable.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692f

45.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 44 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

46.   In an effort to collect a consumer debt, Defendant caused the March 21, 2016 Collection Letter to be sent to Plaintiff at his home address in Kingman, Arizona. *See* Exhibit "A".

47.   The Collection Letter was received by Plaintiff on or about March 26, 2016 at his home address in Kingman, Arizona. *See* Exhibit "A".

48. The Collection Letter was seeking to collect an alleged consumer debt on behalf of Worldwide Asset Purchasing II, LLC, which originated with HSBC, in the total amount of $31,352.28.  *See* Exhibit "A".

49. In the Collection Letter, Defendant identifies the alleged debt and breakdown of the total amount due as follows:

>Dated: 03/21/2016
>Creditor:  Worldwide Asset Purchasing II, LLC
>Original Account #:  xxxxxxxxxxxx5300
>Convergent Account #: S-47438110
>Original Creditor:  HSBC Card Services (III), Inc.
>
>Settlement in Full:  $3,135.23
>
>>Principal:     $31,128.28
>>*Misc. Costs:     $224.00*
>>Total Balance    $31,352.28

*See* Exhibit "A" (*emphasis added*).

50. The Collection Letter was seeking to collect as part of the total balance ***"Misc. Costs in the amount of $224.00"***, but failed to provide any description or information whatsoever as to what the "***Misc. Costs***" consisted of; how they were calculated; the legal right and/or contractual basis upon which Plaintiff was obligated to pay such amount; any other information whatsoever for Plaintiff to determine or evaluate whether he was in fact responsible and/or obligated to pay the ***"Misc. Costs in the amount of $224.00"***; and/or any other information whatsoever for Plaintiff to determine or evaluate if the amount of the ***"Misc. Costs"*** was correct if in fact he was responsible and/or obligated to pay it.   *See* Exhibit "A" (emphasis added).

12

51. By virtue of Defendant's Collection Letter, Defendant engaged in unfair and unconscionable conduct in an effort to collect a debt.

52. Defendant's actions violate the FDCPA, 15 U.S.C. § 1692f, which mandates that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

53. Defendant's actions were knowing and willful.

54. As a result of Defendant's wrongful collection practices, Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Terry L. Jordan, on behalf of himself and all others similarly situated, respectfully requests that this Court enter judgment against the Defendant for the following:

   A.   Certifying the Class as described above pursuant to Fed. R. Civ. P. 23(b)(3);

   B.   Declaring the Defendant's actions as described above to be in violation of the FDCPA;

   C.   An award of actual damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(1);

   D.   An award of statutory damages for the Plaintiff and all Class Members pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

   E.   An award of costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

   F.   Such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 29th Day of August, 2016

                                                  Respectfully Submitted,

                                                  s/ John Prather_____
                                                  *Attorney for Plaintiff*
                                                  John Prather, Esq.
                                                  5864 N. 83rd Street
                                                  Scottsdale, Arizona 85250
                                                  (P) (480) 296-1507
                                                  (E) johnlprather@hushmail.com